IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS PRECIADO and
PATRICIA PRECIADO,

    Plaintiffs,

v.	No. 15-cv-0626 CG/SMV

DANIEL HARTZOG, GENE WILFERD,
and GENE WILFERD TRUCKING,

    Defendants,

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1] at 3–5, filed by Plaintiffs in state court on June 17, 2015; the Notice of Removal [Doc. 1] at 1–2, filed by Defendants on July 20, 2015; and on Defendants' Answer [Doc. 2], filed on July 20, 2015. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, Answer, Notice of Removal, and applicable law, and being otherwise fully advised in the premises, concludes that the pleadings fail to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order the parties to confer and to file the appropriate amended pleading(s) no later than August 21, 2015, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

## Background

Defendants removed the case to this Court on July 20, 2015, on the basis of diversity jurisdiction. [Doc. 1] at 1. Defendants allege that Plaintiffs "reside" in New Mexico, that Defendants Gene Wilferd and Daniel Hartzog are "residents" of Alabama, and that Defendant Gene Wilferd is the owner of Defendant Gene Wilferd Trucking. *Id.* The Complaint alleges (and Defendants admit in their Answer) that Defendant "Gene Wilferd Trucking . . . is a foreign business entity owned by Defendant Gene Wilferd . . . conducting business in the state of New Mexico with its principal office located outside of the state of New Mexico." [Doc. 1] at 3; [Doc. 2] at 1. There are no allegations about the *citizenship* of any individual party. Nor is there any allegation regarding the type of business entity that Gene Wilferd Trucking is (i.e, corporation, LLC, partnership, sole proprietorship, etc.). Therefore, the pleadings as they currently stand are insufficient to support diversity jurisdiction.

## Legal Standard

The federal statute providing for the removal of cases from state to federal court was intended to restrict rather than enlarge removal rights. *Greenshields v. Warren Petroleum Corp.*, 248 F.2d 61, 65 (10th Cir. 1957). Federal courts, therefore, are to strictly construe the removal statutes and to resolve all doubts against removal. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). The removing party bears the burden of establishing the requirements for federal jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001).

**Discussion**

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. § 1332(a). When a plaintiff files a civil action in state court over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant may remove the action to federal court, provided that no defendant is a citizen of the State in which such action is brought. *See* 28 U.S.C. § 1441(a), (b). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Spring Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability companies is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* also in which it maintains its principal place of business. *Glenny v. Amer. Metal Climax, Inc.*, 494 F.2d 651, 655 (10th Cir. 1974); *see* § 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are, therefore, citizens of every state in which any of its members is a citizen. *Siloam Spring*, 781 F.3d at 1234.

Here, the facts set forth in the pleadings and Notice of Removal do not sufficiently establish the *citizenship* of any party and, thus, do not sufficiently establish diversity jurisdiction. The Court will give Plaintiffs and Defendants the opportunity to file amended pleadings to properly allege the citizenship of each and every party.  The parties must identify the type of business entity that Defendant Gene Wilferd Trucking is (i.e. corporation, LLC, partnership, sole proprietorship, etc.) so that the appropriate allegations as to the citizenship of the entity can be made.  Lastly, "the relevant time period for determining the existence of complete diversity is the time of the filing of the complaint." *Siloam Spring*, 781 F.3d at 1239.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the parties shall confer and file the appropriate amended pleading(s) to allege complete diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **August 21, 2015**.

**IT IS FURTHER ORDERED** that if such amended pleading(s) are not filed by **August 21, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**