IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CARLOS PRECIADO and
PATRICIA PRECIADO,

    Plaintiffs,

v.                                                    No. 15-cv-0626 RB/SMV

DANIEL HARTZOG,
GENE WILFERD, and
GENE WILFERD TRUCKING,

    Defendants.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court sua sponte. The Court recommends dismissing this action with prejudice for failure to follow the orders of this Court and for lack of prosecution. Plaintiffs' counsel has twice failed to appear for status conferences before the Court. *See* [Docs. 9, 36]. Most recently, Plaintiffs' counsel not only failed to appear for a hearing but also did not respond to the Court's subsequent Order to Show Cause. [Doc. 36]. The last docket entry by Plaintiffs was over four months ago. Plaintiffs have abandoned the case. It should be dismissed.

**Background**

Plaintiffs' case was removed to federal court in August 2015. [Docs. 1, 6]. Shortly thereafter, the Court set a telephonic status conference. [Doc. 7]. Plaintiffs' counsel failed to appear and the status conference could not proceed. [Doc. 8]. The Court ordered counsel to show cause why he should not be sanctioned for his failure to appear. [Doc. 9]. Counsel responded to the order, and the Court quashed it. [Doc. 10].

On November 24, 2015, the Court set a telephonic status conference for April 21, 2016. [Doc. 22]. Plaintiffs' counsel again failed to appear, and the status conference could not proceed. [Doc. 35]. The Court again ordered counsel (by this time, a second attorney had appeared for Plaintiffs) to show cause why they should not be sanctioned for their failure to appear. [Doc. 36]. Counsel's response was due on May 5, 2016. *Id*. May 5 has come and gone, and Plaintiffs' counsel has failed to respond. Additionally, Plaintiffs have not made a docket entry since January 19, 2016. [Docs. 27, 28].

## Standard

Rule 41(b) authorizes dismissal "[i]f the plaintiff fails to prosecute or comply with [the] rules or a court order."[1] Dismissal is a "drastic sanction that should be employed only as a last resort," *Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009), and it is "appropriate only in cases of willful misconduct," *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992). Before dismissing a case under Rule 41, therefore, a court should consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.

*Ehrenhaus*, 965 F.2d at 921 (citations, internal quotation marks, and ellipsis omitted) (considering dismissal under Rule 37); *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2004) (applying the *Ehrenhaus* factors to dismissal under Rule 41(b)). "Only when the aggravating factors outweigh the judicial system's strong

---

[1] "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts . . . to dismiss actions sua sponte for a plaintiff's failure to . . . comply with the rules of civil procedure or court's orders." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1161 n.2 (10th Cir. 2007).

2

predisposition to resolve cases on their merits is dismissal an appropriate sanction." *Ehrenhaus*, 965 F.2d at 921 (quoting *Meade v. Grubbs*, 841 F.2d 1512, 1521 n.7 (10th Cir. 1988)).

**Analysis**

Plaintiffs have repeatedly failed to appear for hearings and have failed to respond to the Court's most recent Order to Show Cause. Additionally, Plaintiffs have taken no action to prosecute their claims in nearly four months. While it is counsel, not Plaintiffs, who have failed to prosecute the case, it simply cannot proceed without their involvement. Counsel were afforded ample opportunity to explain their failure to appear, but they have not done so. Both of the Court's orders to show cause notified Plaintiffs' counsel that they could be sanctioned for their failure to appear. Finally, the Court is not convinced that lesser sanctions would be effective, especially since Plaintiffs' counsel failed to respond to an earlier threat of sanctions. Although the Court prefers to resolve disputes on their merits, the aggravating factors in this case outweigh such preference. Pursuant to Fed. R. Civ. P. 41, dismissal with prejudice is warranted. *See Ehrenhaus*, 965 F.2d at 921.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that this action be **DISMISSED with prejudice**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.** *See* **D.N.M.LR-Civ. 10.1. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**